**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

**MANUEL CAMARILLO-CHAGOYA**,

     **Movant,**

                              **Civil Action No. 1:13-cv-16790**
**v.**                            **(W.D. Ark. Crim. No. 5:11-cr-50048)**

**UNITED STATES OF AMERICA,**

     **Respondent.**

**ORDER TRANSFERRING CASE**

    On July 2, 2013, Manuel Camarillo-Chagoya (hereinafter "Petitioner") filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, (ECF No. 2), and an Application to Proceed Without Prepayment of Fees and Affidavit. (ECF No. 1).

    In his petition, Petitioner challenges the validity of his conviction and sentence for Re-entry as a Removed Alien, in violation of 8 U.S.C. § 1326(a) & (b)(2), (ECF No. 2 at 1), which was entered on October 3, 2011 in the Western District of Arkansas. (W.D. Ark. ECF No. 22). Petitioner argues that the district court lacked authority to adjudicate his case under the political question doctrine, (ECF No. 2 at 7), and therefore alleges that he has been deprived of Due Process under the Fifth Amendment. (ECF No. 2 at 6).

    Although § 2241 provides a general grant of habeas corpus authority, § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). Only under limited circumstances, where § 2255 is "inadequate or ineffective," may a prisoner seek habeas relief under §

1

2241. *Id.* at 333. Thus, "a section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). Unlike § 2241 petitions, which must be reviewed by the district in which the prisoner is incarcerated, *see United States v. Poole*, 531 F.3d 263 (4th Cir. 2008), § 2255 directs the petitioner to "move the court which imposed the sentence" to vacate, set aside or correct the sentence. 28 U.S.C. § 2255.

Here, Petitioner challenges the validity of his federal judgment and sentence under § 2241, but does not offer any explanation as to why relief under § 2255 would be inadequate or ineffective. (ECF No. 3). Accordingly, this Court construes the petition as a § 2255 motion to vacate, set aside or correct the sentence. Because Petitioner was convicted and sentenced in the Western District of Arkansas, this Court lacks jurisdiction over his § 2255 petition.

The Clerk is hereby **ORDERED** to transfer this matter to the United States District Court for the Western District of Arkansas, Fayetteville Division, John Paul Hammerschmidt Federal Building, 35 East Mountain Street, Suite 510, Fayetteville, Arkansas 72701-5354 and to remove the case from the docket of this court. Petitioner is directed to address any further information to that court, which will assign the case a new case number.

The Clerk is directed to mail a copy of this Order to Petitioner.

**ENTERED**: August 27, 2013

Cheryl A. Eifert
United States Magistrate Judge

2