IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

MANUEL CAMARILLO-CHAGOYA,

    Petitioner,

v.                                      Civil Action No: 1:13-16790

KAREN F. HOGSTEN,
Warden

    Respondent.

**MEMORANDUM OPINION AND ORDER**

    Pending before the court are petitioner's application to proceed in forma pauperis, (Doc. No. 1), and petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 2). By Standing Order, this matter was referred to United States Magistrate Judge Cheryl A. Eifert for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 4). The magistrate judge submitted her proposed findings and recommendations ("PF&R") on September 11, 2014. (Doc. No. 18). In the PF&R, Magistrate Judge Eifert recommended that the court deny petitioner's application to proceed in forma pauperis and deny his petition for a writ of habeas corpus.

    In accordance with the provisions of 28 U.S.C. § 636(b), petitioner was allotted fourteen days, plus three mailing days,

1

in which to file any objections to the PF&R. Petitioner timely filed objections to the PF&R on September 26, 2014. (Doc. No. 19). Because petitioner's objections are without merit, the court dismisses his petition.

I. **Background**

On October 3, 2011, petitioner was convicted in the United States District Court for the Western District of Arkansas for violating 8 U.S.C. §§ 1326(a) and (b)(2), namely, Reentry by an Alien into the United States Without the Consent of the Attorney General of the United States. (Doc. No. 2 at 1). Petitioner argues that his conviction was invalid and that Warden Hogsten's "defacto acceptance" of this conviction unlawfully subjects him to physical constraint in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution. (Doc. No. 2 at 7; Doc. No. 3 at 1-2).

Specifically, petitioner alleges that the United States District Court for the Western District of Arkansas lacked jurisdiction to adjudicate his criminal case under the "political question doctrine." (Doc. No. 3 at 1, 3). Petitioner argues that no federal court possesses the necessary authorization to resolve immigration matters because such matters are "so exclusively entrusted to the political branches of government as to be largely immune from judicial inquiry or interference." (Doc. No. 3 at 7). As a result, the "very

2

initiation of the proceedings against petitioner in the District Court for the Western District of Arkansas thus operated to deny him due process of law." (Doc. No. 3 at 8). Consequently, petitioner asks the court "to vacate and set aside the judgment in this case and grant [his] immediate release." (Doc. No. 2 at 8).

The magistrate judge concluded that petitioner's claims addressed the validity of his conviction, and, as a result, his petition should fall under § 2255, rather than § 2241. However, petitioner did not agree to the proposed recharacterization of his petition and requested that the court rule on his petition pursuant to § 2241. (Doc. No. 16). The magistrate judge complied and, in the PF&R, concluded that petitioner is not entitled to relief under § 2241 because he did not show that a remedy under § 2255 is inadequate or ineffective under § 2255(e), nor did he demonstrate that the savings clause of § 2241 applies to his case. As a result, the magistrate judge recommended that this court dismiss petitioner's § 2241 petition.

## II. **Petitioner's Objections to the PF&R**

Initially, petitioner begins his objections by making a general objection to the PF&R's findings. This argument "do[es] not direct the court to a specific error in the magistrate's proposed findings and recommendations" because such an objection

3

is "general and conclusory." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). As a result, a court need not conduct a de novo review of such an objection. Id.

However, having reviewed the record and petitioner's objections in their entirety, the court concludes that his objections lack merit. Primarily, petitioner objects to the magistrate judge's conclusion that his petition constituted "a collateral attack on the validity of his conviction." (Doc. No. 18 at 3). However, in the same sentence, petitioner argues that he "is being unlawfully held to answer for an infamous crime." (Doc. No. 19 at 1). Petitioner's own words contradict his argument, and, as a result, the court must overrule his objection.

The remainder of petitioner's contentions string together quotations from a number of cases and, from what the court can discern, are in furtherance of petitioner's argument that he has been denied due process rights. However, these arguments do not object to any of the magistrate judge's conclusions in the PF&R. Instead, petitioner presents the same arguments that he made in his initial filings. The magistrate judge considered these arguments when concluding that § 2241 does not afford petitioner any relief and petitioner gives the court no reason to reexamine his arguments. Consequently, the court must overrule petitioner's objections.

4

### III. Conclusion

Accordingly, the court **OVERRULES** petitioner's objections to Magistrate Judge Eifert's PF&R.  The court adopts the factual and legal analysis contained within the PF&R, **DENIES** petitioner's application to proceed without prepayment of fees, (Doc. No. 1), **DENIES** petitioner's petition for a writ of habeas corpus, (Doc. No. 2), and **DISMISSES** this matter from the court's active docket.

The court has additionally considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  Id. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683–84 (4th Cir. 2001).  The court concludes that the governing standard is not satisfied in this instance.  Accordingly, the court DENIES a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to petitioner, pro se.

IT IS SO ORDERED on this 7th day of November, 2014.

ENTER:

David A. Faber
Senior United States District Judge